ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
ANI AVETISYAN (State Bar. No. 266679)
ani@handslawgroup.com
LAURA STEVEN (State Bar. No. 332168)
laura@handslawgroup.com

**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**TODD WILLIAMSON**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WILLIAMSON, an individual,<br><br>　　　Plaintiff,<br><br>　v.<br><br>WEST LA SEPULVEDA INVESTMENT, LLC, a Delaware limited liability company and DOES 1-10,<br><br>　　　Defendants. | Case No.<br><br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181, _et seq._; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, _et seq._**<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT

Plaintiff Todd Williamson (hereinafter referred to as "Plaintiff") complains of Defendants West LA Sepulveda Investment, LLC, a Delaware limited liability company; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.     PARTIES

1.     Plaintiff Todd Williamson suffers from cerebral palsy. He has great difficulty with mobility. His posture, movement, reflexes are impaired. His upper body strength is impaired. He relies completely on a walker for mobility and has great difficulty moving his body. Plaintiff's cerebral palsy impairs his ability to walk, move, and interact with people and objects around him. Plaintiff is a disabled person entitled to the protections of the California Unruh Civil Rights Act (UCRA) (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act (ADA) (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws which protect the rights of "disabled persons."  Plaintiff has been issued permanent a blue permanent Disabled Person Parking Placard, by the State of California.  Plaintiff is a California resident with physical disabilities.

2.     Defendant West LA Sepulveda Investment, LLC, a Delaware limited liability company, owned the property (the "Property"), located at 8946 S Sepulveda Blvd., Los Angeles, CA 90045.

3.     There is a business establishment on the Property named "Bank of

COMPLAINT

America Financial Center," (hereinafter, "the business").

4.    The businesses are public accommodations as defined by 42 U.S.C. § 12181(7).

5.    DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, affiliates, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names.  Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

6.    Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, franchisors, lessees, lessors, general partners, limited partners, agents, affiliates, employees, employers, representative partners, subsidiaries, partner companies, and/or joint venturers of the remaining Defendants; and were acting within the course and scope of that relationship.  Upon information and belief, Plaintiff alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

7.    Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, and/or accommodations offered by Defendants.

COMPLAINT

## II.    JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) & (a)(4) for violations of the ADA.

9.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts, and arising out of the same transactions, is also brought under the UCRA, which expressly incorporates the ADA.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this district, and Plaintiff's cause of action arose in this district.

## III.    FACTS

11.     The Property is a facility which is open to the public and includes business establishments.

12.     The Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992.  Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration, and/or failed to maintain accessible features in operable working condition.

13.     Plaintiff visited the Property during the relevant statutory period on three (3) separate occasions, in November 2020 and December 2020 to patronize the business on the Property.

4

14.     Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

15.     Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property.

16.     Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

17.     However, there was no accessible parking for disabled patrons at the Property.  The parking spaces designated for disabled persons did not comply with the ADA.

18.     The parking area did not comply with the latest California Building Code (CBC).

19.     When Plaintiff visited the Property, he experienced access barriers related to parking, signage, and paths of travel.

20.     Plaintiff encountered the following barriers, conditions, and/or violations at the Property:

**Bank of America Financial Center and the Property it sits on does not have accessible paths of travel from the designated disabled parking spaces to the business entrance. There is no marked path of travel, the adjacent loading/unloading access aisles do not adjoin an accessible**

**route, and the paths of travel have slopes and pavement distresses. This is dangerous because it is tripping/falling hazard and Plaintiff is forced to travel in a vehicle pathway. The designated disabled parking spaces also have slopes and pavement distresses. This Property is further inaccessible because it does not have the required ADA signage.**

**VIOLATION of 2010 California Building Code (CBC) § 1114B.1.2; 1991 ADA Standards for Accessible Design (ADAS) § 4.3.2(1).** (Exterior route of travel.) An accessible route of travel is not provided to all entrances and portions of the building, entrances and/or between the building and a public way.

**VIOLATION of 2010 CBC § 1127B.1.** (No accessible exterior route.) There is no accessible path of travel into the building entrances.  There is no safe way for Plaintiff to travel from the parking area to the entrance of the Property.

**VIOLATION of 2010 CBC § 1127B.1; 1991 ADAS § 4.6.2(1).** (Directional signage.)  There is no directional signage showing an accessible path of travel.

1
2
3
4       **VIOLATION of 2010 CBC § 1129B.4.**  (Off-street unauthorized parking
5       sign.)  The tow away sign(s) (white sign stating that "UNAUTHORIZED
6
7       VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES …
8       WILL BE TOWED AWAY") must be posted in a conspicuous place at each
9       entrance to an off-street parking lot (facility), or immediately adjacent to and
10      visible from each designated parking stall (space). The requisite sign(s) are
11
12      not posted.
13
14      **VIOLATION of 2010 CBC § 1129B.4.**  (Off-street unauthorized parking
15      sign – towed vehicle information.)  The tow away sign (white sign stating
16      that "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED
17
18      ACCESSIBLE SPACES … WILL BE TOWED AWAY") does not state the
19      required information regarding the tow company and telephone number.
20
21
22      **VIOLATION of 2010 ADAS 403.3.** (Path of travel- cross slope.) The cross
23      slope of the accessible path of travel is greater than two (2) percent.
24
25
26      **VIOLATION of 2010 CBC § 1129B.3; 1991 ADAS § 4.6.3; 2010 ADAS §**
27
28

7

COMPLAINT

**502.2.** (Faded paint – accessible space lines.) The paint used for the designated accessible parking space is so worn and aged that it cannot be seen. This makes it unclear where the actual parking space is. The required width dimensions are not painted as required. This makes it difficult for Plaintiff to park in the designated space. The paint in the designated disabled parking space and the adjacent loading/unloading access aisle have doubled painted and faded lines. This makes it difficult to determine where the actual spaces are.

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Width of space). The parking space designated for disabled persons measures less than nine (9) feet wide. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Length of space.) The designated disabled parking space measures less than eighteen (18) feet long, which makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.6.8.** (Abrupt

changes in level.) The path of travel from the space reserved for disabled patrons has an uneven ground surface with changes in level exceeding one-half inch.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (Slope of parking space.) The designated accessible parking space has a running slope greater than two (2) percent.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (Slope of adjacent access aisle.) The adjacent loading/unloading access aisle for the space reserved for disabled persons has a running slope greater than two (2) percent.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3; 2010 ADAS § 4.6.3.** (Length of adjacent access aisle.) The adjacent access aisle to the designated accessible parking space is less than eighteen (18) feet long. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3;**

**2010 ADAS § 4.6.3.** (Width of adjacent access aisle.) The adjacent loading/unloading access aisle to the designated disabled parking space is less than five (5) feet wide.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC § 1129B.3.1; 1991 ADAS § 4.6.3; 2010 ADAS § 502.3.** (No loading/unloading access aisle.) The adjacent loading/unloading access aisle for the accessible parking space is missing entirely.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC § 1129B.4; 1991 ADAS § 4.6.4.** (Sign off-center.) Although there is a sign showing where the designated accessible space parking is, it is not centered as required, but off to the side. The sign was posted away from the middle of the parking space, rather than centered at the space as required. This makes it more difficult for people and parking enforcement to determine which space is intended for the sole use of disabled persons.

**VIOLATION of 2010 ADAS § 502.3.** (Access aisles.) The adjacent

loading/unloading access aisle must adjoin an accessible route to an accessible

entrance. It does not.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Changes in

level of ground surface.) Within the parking spaces reserved for disabled

patrons, the asphalt is uneven, with depressions, and uneven ground. There

are sunken parts. There are cracked parts. This makes travelling in this area

difficult.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Path from

parking – uneven surface.) The path of travel from the designated disabled

parking spaces to the entrance has damaged ground which is uneven.  The

damaged ground has pavement distresses.  Parts of the ground surface are not

flush.  The surface of the ground within the designated path of travel leading

into the entrance is not flat.  This makes traveling in this area difficult.  The

path of travel from the designated disabled parking spaces to the entrance

runs into these pavement distresses which have caused changes in level

greater than one-half inch, but no ramp is provided.  These steep changes in

level create uneven surfaces. The types of pavement distresses which exist

include but are not limited to: alligator (fatigue) cracking, joint reflection

cracking, potholes, asphalt bleeding, patching near utilities, block cracking,

raveling, stripping, corrugation and shoving, and depressions. These pavement distresses are made worse and exacerbated by designs which do not follow the ADAAG. These areas should be fixed immediately because they are also a tripping and falling hazard.

**VIOLATION of 2010 CBC § 1129B.3.1; 2010 ADAS § 502.6; ADAS § 4.6.3.** (Marked path of travel.)  There is no marked path of travel from the disabled parking space to the entrance. There is no safe way for Plaintiff to park there and then travel to the entrance of the Property. Plaintiff is forced to travel a dangerous route, in the vehicle drive path to move from the space to the entrance.

**VIOLATION of 2010 CBC § 1133B.5.1; 1991 ADAS §§ 4.3.7, 4.8.1, 2010 ADAS § 403.3, 2016 CBC § 11B-403.3.** (Ramps.) The accessible route of travel has a slope greater than 1:20 (5%) but is not a compliant ramp.

**VIOLATION of 2010 CBC § 1133B.5.2.** (Minimum width of ramps.)  The ramps do not have a minimum clear width of forty-eight (48) inches.

**VIOLATION of 2010 CBC § 1133B.5.3; 1991 ADAS § 4.8.2.** (Least

possible slope of ramp.) The least possible slope is not used for the ramp leading into the business.

**VIOLATION of 2010 CBC § 1133B.5.3; 1991 ADAS § 4.8.2.** (Maximum slope of ramp.)  The slope of the ramp leading into the business is greater than 8.33%.

**VIOLATION of 2010 CBC § 1133B.5.3.1; 1991 ADAS § 4.8.6.** (Maximum cross slope of ramp.) The cross slope of the ramp was greater than 2%.

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4.** (Level ramp landings.) Level ramp landings must be provided at the top and bottom of each ramp. They are not provided.

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4(1).** (Width of ramp landings.) The landing of ramps must be at least as wide as the ramp run leading to it, but they are not.

**VIOLATION of 2010 CBC § 1133B.5.4.2; 1991 ADAS §§ 4.8.4(2), 4.8.4(3).** (Minimum landing width and length for top ramp landings.) The

ramp's top landing is not sixty (60) inches wide and long as required.

**VIOLATION of 2010 CBC § 1133B.5.4.2.** (Minimum landing length for bottom ramp landings.)  The ramp's bottom landing is not seventy-two (72) inches in length as required.

**VIOLATION of 2010 CBC § 1133B.5.4.6; 1991 ADAS § 4.8.4(3).** (Minimum landing size for change of direction in ramp.)  The change of direction in the ramp does not have a minimum landing size of 60" x 60".

21.     Plaintiff personally encountered the foregoing barriers, conditions, and/or violations.

22.     These barriers, conditions, and/or violations denied Plaintiff full and equal access, and caused him difficulty, humiliation, and/or frustration.

23.     The barriers, conditions, and/or violations existed during each of Plaintiff's visits in 2020.

24.     Defendants knew that the foregoing architectural barriers prevented access.  Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Standards for Accessible Design (ADAS), ADA Accessibility Guidelines for

Buildings and Facilities (ADAAG), and/or the California Building Code (CBC) was intentional.

25.     Plaintiff intends and plans to visit the Property again soon.  Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

26.     Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

27.     Defendants have the financial resources (i.e., financial ability) to remove these barriers without much expense or difficulty in order to make the Property more accessible to their mobility impaired customers (i.e., disabled persons).  The removal of these barriers is readily achievable.  The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

28.     Defendants refuse to remove these barriers.

29.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions.  Thus, the absence of accessible facilities was/is not a mishap; it was/is the result of intentional actions or inaction.

COMPLAINT

30.     These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's agents and/or experts.  *See Doran v 7-ELEVEN, Inc.,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

### IV. FIRST CAUSE OF ACTION:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### (42 U.S.C. § 12101, *et seq.*)

(Against All Defendants)

31.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

32.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.  42 U.S.C. § 12182(a).

33.     Defendants discriminated against Plaintiff by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges, and/or accommodations they offered during each visit, and each incident of a deterred

visit.

34.     The acts and omissions of Defendants herein were/are in violation of

Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36,

*et seq.*

35.     Pursuant to the ADA, discrimination is a "failure to make reasonable

modifications in policies, practices or procedures, when such modifications are

necessary to afford goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities, unless the entity can demonstrate

that making such modifications would fundamentally alter the nature of such goods,

services, facilities, privileges, advantages or accommodations."  42 U.S.C. §

12182(b)(2)(A)(ii).

36.     The ADA requires removal of architectural barriers in existing

facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv)

("discrimination includes … a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities, … where

such removal is readily achievable").  The term "readily achievable" is defined as

"easily accomplishable and able to be carried out without much difficulty or

expense."  42 U.S.C. § 12181(9).  Barriers are defined by reference to the ADA

Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the

ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36,

Appendix A.

37.    If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if the alternative methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

38.    Defendants can remove the architectural barriers at their facility without much difficulty or expense. Defendants violated the ADA by failing to remove the barriers because removal was readily achievable. For instance, there are companies which can repaint parking areas for as little as $350. Defendants can afford such costs, which are a fraction of what Defendants receive in (rental or business) profits in connection with such a large and expensive property.

39.    Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make their services available through alternative methods which are readily achievable.

40.    On information and belief, Plaintiff alleges that the facility was altered after January 26, 1992, mandating compliance with accessibility requirements under the ADA.

41.    The ADA requires that facilities altered in a manner that affects or could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

COMPLAINT

42.     Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons to the maximum extent feasible.

43.     The ADA also requires reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

44.     Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

45.     Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act.

46.     Here Defendants' failure to make sure that accessible facilities were available to, and ready to be used by, Plaintiff was/is a violation of law.

47.     Plaintiff would like to continue to frequent the Property, which is close to his home.  However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

48.     Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with federal and state disability access laws, and remediation of the existing access violations (i.e., removal of the existing barriers) at the Property.

## V. SECOND CAUSE OF ACTION:  VIOLATION OF THE

## UNRUH CIVIL RIGHTS ACT

### (Cal. Civ. Code §§ 51-53)

(Against All Defendants)

49.     Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

50.     California Civil Code § 51 states, in part:  "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51.     California Civil Code § 51 also states, in part:  "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

52.     California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA into the Unruh Civil Rights Act (UCRA).

53.     The UCRA also provides that a violation of the ADA, or California

COMPLAINT

state accessibility regulations, is a violation of the UCRA.  Cal. Civ. Code § 51(f); *see Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

54.    Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disability.

55.    Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages.  *See* Cal. Civ. Code § 51(f), 52(a).

56.    Because Defendants' violation of the UCRA resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages.  *See* Cal. Civ. Code § 55.56(a), (c).

//

//

//

//

//

//

//

57.    Plaintiff was (actually) damaged by Defendants' wrongful conduct. He seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense (i.e., for each occasion that Plaintiff was denied full and equal access).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.  Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and statutory minimum damages of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 28, 2021        THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:    /s/ Peter Shahriari
_____
PETER SHAHRIARI, ESQ.
Attorney for Plaintiff Todd Williamson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT